IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| **RADIO SYSTEMS CORPORATION,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **SUNBEAM PRODUCTS, INC. d/b/a** ) | |
| **JARDEN CONSUMER SOLUTIONS,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff Radio Systems Corporation, for its Complaint against Defendant Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions, states as follows:

### I. THE PARTIES

1. Plaintiff Radio Systems Corporation ("RSC") is a Delaware corporation with its principal place of business located at 10427 Petsafe Way, Knoxville, Tennessee 37932.

2. Upon information and belief, Defendant Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions ("Sunbeam") is a Delaware corporation with its principal place of business located at 2381 NW Executive Center Drive, Boca Raton, Florida 33431. Upon information and belief, Sunbeam does business in the State of Tennessee, including in this District, and is registered to conduct business in Tennessee with the Tennessee Secretary of State. Sunbeam's registered agent for service of process in Tennessee is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929.

## II.  NATURE OF ACTION

3. This is an action for patent infringement under the Patent Laws of the United States, United States Code, Title 35.

## III.  JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 1338(a) because it arises under the Patent Laws of the United States, United States Code, Title 35.

5. This Court has general personal jurisdiction over Sunbeam based on its continuous and systematic minimum contacts with residents of Tennessee through the distribution and sale of its products in Tennessee directly and through subsidiaries or exclusive "brick and mortar" and online resellers.  This Court also has specific personal jurisdiction over Sunbeam based on its purposeful direction of its promotional and advertising activities and sales of their products to residents and customers in Tennessee as well as registration with the Tennessee Secretary of State.  Further, this Court has personal jurisdiction under Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-201 *et seq.*, because (1) Sunbeam has transacted business in Tennessee; (2) the tortious acts or omissions occurred in Tennessee; (3) the damages occurred in Tennessee to a Tennessee corporation; and (4) jurisdiction based on Sunbeam's contacts with Tennessee (including, but not limited to, sales of products) is not inconsistent with the Constitution of the State of Tennessee or the Constitution of the United States.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1440 because a substantial part of the events giving rise to these claims arose in this District; Sunbeam is deemed to reside in this District; and Sunbeam is subject to personal jurisdiction pursuant to Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-201 *et seq.*

## IV.  THE CONTROVERSY

### A.  U.S. PATENT NO. 5,927,233

7. RSC is a leading developer and manufacturer of pet feeding, fencing, and behavior training products and solutions.

8. RSC is the largest manufacturer of electronic pet training products in the United States.

9. RSC offers many of its products, including but not limited to bark control collar products, under the PetSafe brand.

10. On July 27, 1999, U.S. Patent No. 5,927,233 (the "233 Patent") was duly, properly, and legally issued by the United States Patent and Trademark Office (the "PTO") to inventors Christopher E. Mainini and Albert L. Lee, IV.

11. A true and correct copy of the 233 Patent is attached hereto as <u>Exhibit 1</u> and incorporated herein by reference.

12. RSC is the owner of all right, title, and interest in the 233 Patent.

### B.  SUNBEAM'S INFRINGING CONDUCT

13. Upon information and belief, Sunbeam is a wholly-owned subsidiary of Jarden Corporation, a Delaware corporation with a principal place of business located at 2381 NW Executive Center Drive, Boca Raton, Florida 33431 ("Jarden").

14. In 2012, Jarden began informing Jarden's investors that Sunbeam and Jarden would engage in a "targeted growth initiative" to "expand beyond grooming business into new categories, for example: - Indoor/Outdoor Bark Control."

15. A true and correct copy of Jarden's "Investor Presentation" for May 2012 is attached hereto as <u>Exhibit 2</u>.

16. Upon information and belief, Sunbeam then began offering for sale an "Advanced Bark Control Collar" in two models: static and ultrasonic.

17. Upon information and belief, Sunbeam uses "Model #: SBBCSS1" to designate the "Advanced Bark Control Collar" product in the static model.

18. A true and correct copy of the manual for the Sunbeam branded "Advanced Bark Control Collar" in the static model is attached hereto as Exhibit 3.

19. Upon information and belief, Sunbeam uses "Model #: SBBCUS1" to designate the "Advanced Bark Control Collar" product in the ultrasonic model.

20. A true and correct copy of the manual for the Sunbeam branded "Advanced Bark Control Collar" in the ultrasonic model is attached hereto as Exhibit 4.

21. Sunbeam has offered for sale, continues to offer for sale, has sold "Advanced Bark Control Collar" products, and enables others to sell its "Advanced Bark Control Collar" products.

22. Further, upon information and belief, Sunbeam manufactures, or supervises and controls the manufacture of, in whole or in part, the "Advanced Bark Control Collar" products outside of the United States and then imports such products, in whole or in part, into the United States from abroad.

23. Sunbeam does not have a license or other authorization to use the inventions claimed in the 233 Patent.

## V. CAUSES OF ACTION

### COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 5,927,233

24. RSC incorporates the preceding paragraphs as though fully set forth herein.

25. Sunbeam, in violation of 35 U.S.C. § 271, has infringed, literally or through the doctrine of equivalents, and continues to infringe at least claim 1 of the 233 Patent through Sunbeam's making, using, offering for sale, sale, and/or importing "Advanced Bark Control Collar" products in both the static and ultrasonic models.

26. Sunbeam's infringement of the 233 Patent has been willful, wanton, egregious, and with disregard for RSC's patent rights and will continue unabated unless enjoined by this Court.

27. Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

28. This is an exceptional case such that RSC should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Sunbeam.

## COUNT II

### INDUCEMENT OF OTHERS TO INFRINGE U.S. PATENT NO. 5,927,233

29. RSC incorporates the preceding paragraphs as though fully set forth herein.

30. Sunbeam, in violation of 35 U.S.C. § 271(b), has induced and continues to induce others to infringe at least claim 1 of the 233 Patent, by encouraging and facilitating others to perform actions known by Sunbeam to be acts of infringement of the 233 Patent with intent that those performing the acts infringe the 233 Patent.

31. Sunbeam was placed on notice of the 233 Patent because RSC placed notice of its patent on the packaging of its products that embody a material part of the inventions described in the 233 Patent.

32. Sunbeam, through its marketing efforts, encourages the sale of the infringing "Advanced Bark Control Collar" products by resellers in both traditional "brick and mortar"

stores and online, and ultimately to consumers. The resellers and consumers of the "Advanced Bark Control Collar" products infringe at least claim 1 of the 233 Patent.

33. Sunbeam advertises the infringing "Advanced Bark Control Collar" products, publishes promotional literature describing the operation of those products, creates and/or distributes instruction manuals for the infringing "Advanced Bark Control Collar" products, and offers support and technical assistance to ultimate consumers.

34. Sunbeam's infringement of the 233 Patent has been, and continues to be, willful, wanton, egregious, and with disregard for RSC's patent rights and will continue to be unless enjoined by this Court.

35. Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

36. This is an exceptional case such that RSC should be entitled to its reasonable attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Sunbeam.

## COUNT III

### CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 5,927,233

37. RSC incorporates the preceding paragraphs as though fully set forth herein.

38. Sunbeam, in violation of 35 U.S.C. § 271(c), has contributed and continues to contribute to the infringement of (and thereby infringes) at least claim 1 of the 233 Patent by selling within the United States, offering for sale within the United States, and/or importing components and the non-staple constituent parts of those devices that embody a material part of the inventions described in the 233 Patent.

39. These devices are known by Sunbeam to be especially made or especially adapted for use in infringement of the 233 Patent and are not staple articles or commodities suitable for substantial, non-infringing use.

40. Sunbeam was placed on notice of the 233 Patent and Sunbeam's infringement thereof because RSC placed notice of its patent on the packaging of its products that embody a material part of the inventions described in the 233 Patent.

41. Upon information and belief, the infringing "Advanced Bark Control Collar" products perform the infringing bark control system embodied in the 233 Patent and only the infringing bark control system.

42. Sunbeam sells the infringing "Advanced Bark Control Collar" products with knowledge that the devices infringe, to resellers who sell to consumers. The resellers and consumers of the "Advanced Bark Control Collar" products infringe the 233 Patent.

43. Sunbeam's infringement of the 233 Patent has been, and continues to be, willful, wanton, egregious, and with disregard for RSC's patent rights and will continue to be unless enjoined by this Court.

44. Unless the future occurrence of these actions is enjoined, RSC will suffer irreparable injury for which there is no adequate remedy at law.

45. This is an exceptional case such that RSC should be entitled to its attorney fees and expenses incurred in prosecuting this action and defending any counterclaims brought by Sunbeam.

## VI. REQUEST FOR RELIEF

Wherefore, RSC requests the following relief:

1. Judgment enter in favor of RSC against Sunbeam for each of the above Counts;

2. Sunbeam, and its officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, shall be preliminary enjoined from infringement of U.S. Patent No. 5,927,233;

3. Sunbeam be directed to file with this Court and serve on RSC within ten (10) days after the service of a preliminary injunction order, a report in writing under oath, setting forth in detail the manner and form in which it has complied with the preliminary injunction order;

4. At conclusion of trial, Sunbeam, its officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any of the foregoing, be forthwith permanently enjoined from infringement of U.S. Patent No. 5,927,233;

5. Sunbeam be directed to file with this Court and serve on RSC within ten (10) days after the service of a permanent injunction order, a report in writing under oath, setting forth in detail the manner and form in which it has complied with the permanent injunction order;

6. RSC be granted an award pursuant to 35 U.S.C. § 284 of damages, not less than a reasonable royalty, adequate to compensate RSC for the infringement of U.S. Patent No. 5,927,233; trebling of said award pursuant to 35 U.S.C. § 284; pre-judgment and post-judgment interest on any award; and the costs of this action;

7. This case and/or the actions of Sunbeam be deemed exceptional and RSC be granted an award for its reasonable attorney fees and expenses pursuant to 35 U.S.C. § 285; and

8. RSC be granted awarded such other and further relief as this Court deems just and proper.

- 8 -

Case 3:12-cv-00648   Document 1   Filed 12/14/12   Page 8 of 9   PageID #: 8

Respectfully submitted,

/s/ Samuel F. Miller
Samuel F. Miller (BPR No. 22936)
Maia T. Woodhouse (BPR No. 30438)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201
Telephone: (615) 726-5594
Facsimile: (615) 744-5594
Email: smiller@bakerdonelson.com

*Attorneys for Plaintiff Radio Systems Corporation*