IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| RADIO SYSTEMS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 3:12-cv-00648 |
| v. | ) | |
| | ) | District Judge Phillips |
| SUNBEAM PRODUCTS, INC. d/b/a | ) | Magistrate Judge Guyton |
| JARDEN CONSUMER SOLUTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO EXTEND TIME**

The defendant ("Sunbeam") respectfully submits this brief in accordance with LR7.1(a) in support of its motion filed pursuant to Fed. R. Civ. P. 6(b)(1)(a) to extend the times within which to respond to the (a) motion for expedited discovery [Doc. 12], (b) motion for a preliminary injunction [Doc. 4], and (c) complaint [Doc. 1] filed by the plaintiff ("RSC").

I.     FACTS

This patent infringement action was filed on December 14, 2012 [Doc. 1].  However, RSC held off and did not serve the summons and complaint or otherwise notify Sunbeam of this action when it was filed.  A week later, on Friday, December 21, 2012, RSC filed preliminary injunction motion papers consisting of 432 pages, including the 52-page, 140-paragraph affidavit of a claimed inventor of the subject invention, Christopher E. Mainini [Doc. 4-11].  RSC also filed a motion for expedited discovery on December 21, 2012 [Doc. 12].  The foregoing papers were served on Sunbeam's Tennessee agent for service of process on December 26, 2012 [Doc. 14].  Accordingly, due to the holidays, these filings did not receive substantive attention until after New Year's Day, and the undersigned were not engaged in this action until January 3, 2013.  Although the undersigned have acted diligently to begin the process of digesting and

analyzing RSC's allegations, due to the sheer volume of RSC's filings and the technical subject matters at hand, there has simply not been enough time to prepare a response to the motion for expedited discovery, much less the motion for a preliminary injunction. (Under LR7.1(a), the response to each of these motions is arguably due 14 days from service of such motions, which is January 9, 2012, the day of filing of this motion to extend time.)

The plaintiff has known of Sunbeam's allegedly infringing products since as early as February 2012, almost a year ago, when by RSC's admission Sunbeam began selling allegedly infringing bark control products at PetSmart stores. See Sunbeam press release, "Introducing the Sunbeam® Pets Product Line," Doc. 1-4 at p. 2 ("Sunbeam® Pets branded products began arriving at PetSmart stores in February 2012."). Accordingly, RSC plainly has been working on these papers for many months.[1]

Notwithstanding these circumstances, RSC would not consent to the modest extensions of time sought by Sunbeam, necessitating this motion.[2]

---

[1] One of the exhibits to Mr. Mainini's affidavit includes a screen print of October 26, 2012 [Doc. 11-7 at p. 2], two months before RSC filed this affidavit.

[2] Sunbeam sought of RSC an extension of time of two weeks to respond to the motion for expedited discovery, a period it has shortened in this motion to nine days. Sunbeam also inquired as to RSC's position with respect to the timing of the motion for preliminary injunction hearing in light of the discovery sought under the motion for expedited discovery. RSC advised Sunbeam that it wants all discovery and briefing completed within 60 days under any circumstances, that it expects Sunbeam to respond to the motion for preliminary injunction, that it then plans to file a supplemental brief addressing new matters yielded after any expedited discovery permitted by the Court, and that it intends to file a reply to Sunbeam's supplemental brief following on Sunbeam's first brief. This seems to Sunbeam to be an extraordinary, burdensome and unnecessary amount of briefing for the Court and the parties. See Fed. R. Civ. P. 1. Although RSC offered an extension of two days (until January 11, 2013) within which the parties could confer on an agreed schedule, RSC's insistence on expedited discovery and such extensive briefing within the next 60 days is not acceptable to Sunbeam. RSC's other "offer" was that Sunbeam could have an additional week from January 9, 2013, within which to respond to both the motion for expedited discovery and the motion for preliminary injunction. This unreasonable position is not acceptable to Sunbeam either, since it forces Sunbeam to respond in one week to the voluminous filings that RSC has spent months preparing, without the benefit of any discovery, without the time necessary to identify, engage and consult with expert witnesses, much less time to prepare and articulate its factual and legal positions. Sunbeam respectfully submits that the schedule it seeks through this motion is much more orderly and efficient and will cause no prejudice to RSC. Notably, RSC made no pre-suit demand of any kind whatsoever that Sunbeam cease and desist from its allegedly infringing activity, which belies RSC's claim of irreparable harm.

## II.    ARGUMENT

Fed. R. Civ. P. 6(b) provides that the time periods specified in the Federal Rules of Civil Procedure may be enlarged for cause shown if request is made therefor (with or without motion or notice) before the expiration of the period originally prescribed.  Such a request has been made here and good cause exists for this extension.  In addition, the requested extension will not cause any prejudice to the plaintiff.  See 4B Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1165, p. 522 (3d ed. 2002)  ("an application for the enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.").

### A.    MOTION FOR EXPEDITED DISCOVERY.

Sunbeam seeks only a modest nine-day extension of time within which to respond to the motion for expedited discovery.  Given the many months that RSC waited before springing this action on Sunbeam over the Christmas holiday, RSC cannot possibly show any prejudice from the requested extension.[3]

### B.    MOTION FOR PRELIMINARY INJUNCTION.

Responding to the motion for a preliminary injunction is going to be an extremely significant undertaking.  At minimum it will require that Sunbeam analyze RSC's factual and contentions, research the various legal issues that flow from RSC's positions, identify and engage one or more expert witnesses (who are likely to have scheduling constraints of their own) to assist in examining and rebutting Mr. Mainini's affidavit, and prepare responsive affidavits and briefs.  This work will have to be done even in the absence of discovery, expedited or

---

[3] That RSC has filed a motion for a preliminary injunction after months of work investigating Sunbeam's products would seem to defeat RSC's argument that it needs any discovery at all, much less expedited discovery, but Sunbeam will address this further when it responds to the subject motion.

otherwise. The undersigned estimates this process will take at least 60 days, assuming Sunbeam is able to identify and engage promptly the appropriate third party expert assistance.

If the Court permits expedited discovery, however, the time necessary for Sunbeam to respond to the motion for preliminary injunction will increase and vary depending on the scope of discovery permitted and the information yielded in such discovery, among other factors. Because so much will turn on whether and to what extent the Court permits expedited or other discovery before a hearing on the motion for a preliminary injunction – which is essentially the trial of the case given the requirements of <u>Markman v. Westview Instruments, Inc.</u>, 517 U.S. 370 (1996), and other cases that inform the manner in which district courts are to proceed in patent infringement actions – Sunbeam submits that it is premature to determine at this time when Sunbeam should respond to the preliminary injunction motion. (In any event, Sunbeam submits that the five preliminary injunction briefs contemplated by RSC, <u>see</u> n. 2, <u>supra</u>, are excessive, and that Sunbeam should not be required to respond seriatim to a moving target.)

However, if the Court requires a date certain to be set for Sunbeam to respond to the preliminary injunction motion, Sunbeam submits that it should be permitted at least 60 days from the date of the Court's ruling on the motion for expedited discovery to respond to the voluminous motion for preliminary injunction. Again, RSC has been sitting on its claim in this action for months, so it is not in a position to argue that it will be prejudiced by the extension sought by Sunbeam.

C.    RESPONSE TO COMPLAINT.

This is not an ordinary patent infringement complaint. Form 18, Appendix of Forms, Fed. R. Civ. P., includes a form complaint for patent infringement that consists of just four numbered paragraphs. By contrast, RSC's nine-page complaint consists of 45 numbered

paragraphs and another 82 pages of exhibits, including an 11-page patent. The 16-day extension of time to respond to this unusually lengthy complaint sought by Sunbeam is very modest and should be granted.

## III. CONCLUSION

RSC took months to prepare and file 500-plus pages of papers, strategically filed them right before and right after Christmas, then served Sunbeam between the Christmas and New Year's Day holidays. In the face of Sunbeam's reasonable requests for additional time, RSC is now hotboxing Sunbeam and seeking further strategic advantage by depriving Sunbeam of the time reasonably necessary to respond to RSC's motions. Respectfully, this is not fair to Sunbeam.

For all the foregoing reasons, Sunbeam respectfully requests that its motion be granted and that it be granted the requested extensions of (a) nine days from January 9, 2013 (through January 18, 2013), to respond to the motion for expedited discovery, (b) at least 60 days from the Court's ruling on the motion for expedited discovery to respond to the motion for a preliminary injunction, and (c) 16 days from January 15, 2013 (through January 31, 2013), to respond to the complaint.

Respectfully submitted,


/s/ Thor Y. Urness
Thor Y. Urness (No. 013641)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
(615) 252-2384
turness@babc.com

*Attorneys for Defendant*

OF COUNSEL

Paul M. Sykes
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 521-8766
psykes@babc.com


## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Samuel F. Miller, Maia T. Woodhouse, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., 211 Commerce Street, Suite 800, Nashville, TN 37201.


/s/ Thor Y. Urness
Thor Y. Urness