IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| **RADIO SYSTEMS CORPORATION,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:12-cv-00648 |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| **SUNBEAM PRODUCTS, INC. d/b/a** ) | |
| **JARDEN CONSUMER SOLUTIONS,** ) | |
| ) | |
| Defendant. ) | |

**RADIO SYSTEMS CORPORATION'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXTEND TIME**

Plaintiff Radio Systems Corporation ("RSC"), for its response in opposition to Defendant Sunbeam Products, Inc.'s d/b/a Jarden Consumer Solutions ("Sunbeam") Motion to Extend Time (Doc. 16), states as follows:

### INTRODUCTION

As a preliminary matter, RSC shares Sunbeam's desire for this matter to proceed in an orderly and scheduled manner. Indeed, notwithstanding Sunbeam's eleventh hour request for an extension (Sunbeam's counsel of record first reached out to RSC's counsel for an extension at 4:30 p.m. the day before Sunbeam's responses to RSC's Motion for Expedited Discovery and Motion for Preliminary Injunction were due), and as Sunbeam acknowledges in its Motion, RSC offered Sunbeam the opportunity to negotiate a discovery and briefing schedule that would enable the parties to fully present their cases for and against RSC's Motion for Preliminary Injunction to Court. RSC's only condition was that the parties agree to a schedule that would enable to the Court to hold a hearing on the Motion for Preliminary Injunction - subject to

availability on the Court's docket - around 60 days from January 9, 2013.  This effectively would mean that any *hearing* on the Motion for Preliminary Injunction would occur within approximately 75 days of service of the Complaint and Motion for Preliminary Injunction upon Sunbeam.

Sunbeam flatly rejected that offer because, as indicated in its current Motion, it would like to have an extension that would make its *response* to the Motion for Preliminary Injunction due 93 days after service of that motion.[1]  Based upon Sunbeam's proposed extension, and applying the 7-day reply period in the Local Rules to account for RSC's reply brief and giving the Court sufficient time (estimated at a minimum to be 10 days based on the Court's extensive docket) to digest the briefs and evidence presented in support of and in opposition to the Motion for Preliminary Injunction, Sunbeam effectively proposes that the Court hold a hearing on RSC's Motion for Preliminary Injunction, at an absolute minimum, no earlier than 110 days from service upon Sunbeam.  It is this 35 day (and likely much longer) period that is in dispute between the parties and should be the focus in resolving Sunbeam's Motion for Extension.

The remainder of Sunbeam's Motion is simply smoked and mirrors.  Sunbeam's parent company, Jarden Corporation, owns well over 400 U.S. Patents and understands the degree of investigation required prior to bringing a patent infringement lawsuit.  Based on this knowledge, it appears that Sunbeam's primary complaint is that RSC over-prepared its case.  Indeed, the documents to which Sunbeam complains include (1) a "nine-page complaint consist[ing] of 45 numbered paragraphs", which is not a particularly lengthy complaint post *Twombly* and *Iqbal*,

---

[1] Sunbeam asks for an extension to January 18, 2013 to respond to the Motion for Expedited Discovery, which would make RSC's reply brief due on January 28, 2013.  The 93 day calculation assumes the Court immediately rules on the Motion for Expedited Discovery.  Given due respect to the Court and its docket, RSC recognizes that such a motion would likely not be decided immediately and, therefore, it could be significantly longer than 93 days before Sunbeam's response to the Motion for Preliminary Injunction would be due.

N MTW01 942585 v1
2925148-000009 01/10/2013

and includes more infringing products and causes of action - namely contributory infringement and inducement - than in Form 18 to the Federal Rules of Civil Procedure; (2) approximately 100 pages of exhibits that are Sunbeam's own marketing materials, product packaging, instruction manuals, and website screenshots; (3) an affidavit and associated claim chart that sets forth RSC's case in detail such that Sunbeam does not have to guess as to RSC's position on infringement; and (4) a memorandum in support of RSC's Motion for Preliminary Injunction that is well within the page limits permitted by the Local Rules.  Further, RSC attached to its Motion for Expedited Discovery proposed interrogatories and requests for production to be submitted to Sunbeam.  In all, RSC has gone to great lengths to make its case clear for Sunbeam and the Court such that this case can proceed in the expedited manner appropriate for a Motion for Preliminary Injunction.

Ironically, while complaining that RSC prepared too many documents to support its Motion for Preliminary Injunction, Sunbeam also complains that RSC did not prepare the documents fast enough.  Sunbeam makes much of the fact that it believes RSC's counsel has spent "months" preparing RSC's case.  Although flattering that Sunbeam believes that the documents would take many months to prepare, nothing could be further from the truth.  RSC did not retain its counsel in this case until early December 2012.  Since then, RSC and its counsel have worked diligently to conduct the proper investigation and preparation of the case to stop Sunbeam's unlawful infringement of U.S. Patent No. 5,927,233 (the "233 Patent").  To that end, on December 14, 2012, RSC filed with this Court its Complaint against Sunbeam, alleging causes of action of patent infringement, contributory patent infringement, and inducement of patent infringement [Doc. No. 1]. On December 21, 2012, RSC filed its Motion for Preliminary Injunction [Doc. Nos. 4-11] and Motion for Expedited Discovery [Doc. No. 12] in preparation

3

for the requested preliminary injunction hearing on Friday, December 21, 2012.² Importantly, CT Corporation System, Sunbeam's registered agent for process, was closed on Monday and Tuesday, December 24 and 25, 2012, for the holidays. Therefore – though Sunbeam attempts to impute strategic importance on the service date – the earliest Sunbeam could be served with RSC's Complaint and two Motions was December 26, 2012, due to its own registered agent's availability, which is already an extension of four days given the intervening weekend and Christmas Eve and Christmas Day holidays.

Sunbeam's complaints regarding the volume of documents or the speed with which the documents were prepared do <u>not</u> constitute good cause to deny RSC its lawful right to seek an expeditious determination of its Motion for Preliminary Injunction. Unnecessary delays, such as that proposed by Sunbeam, will prejudice RSC by permitting Sunbeam to continue what appears to be intentional infringement of RSC's 233 Patent as a shortcut by Sunbeam, a self-admitted new entrant into the pet products market, to compete with RSC, one of the leading companies in that market. Moreover, delay simply gives Sunbeam an opportunity to unlawfully gain market share, a clear irreparable harm to RSC. Accordingly, this Court should set a discovery schedule and briefing schedule that enables a hearing on the Motion for Preliminary Injunction to occur in approximately 60 days from January 9, 2013.³

## ARGUMENT

While RSC is not opposed to a reasonable extension of Sunbeam's time to respond to RSC's two Motions, as evidenced by RSC's practical suggestion to formulate a joint discovery

---

² The Motion for Preliminary Injunction was not filed on December 21, 2012, for a nefarious purpose. Quite simply, both RSC and its counsel wanted to complete the filing prior to the Christmas holiday to give their respective staffs time off with their families during the holiday week between December 24, 2012, and January 2, 2013.

³ RSC does not oppose Sunbeam's request to extend its time to respond to the Complaint (Doc. No. 1) filed on December 14, 2012 to January 31, 2013.

4

N MTW01 942585 v1
2925718-000009: 1210201
Case 3:12-cv-00648   Document 18   Filed 01/10/13   Page 4 of 10   PageID #: 568

and briefing schedule, Sunbeam's request to extend its time to respond to RSC's Motion for Preliminary Injunction for 60 days after the Motion for Expedited Discovery is excessive and prejudicial to RSC. Under Sunbeam's proposed schedule, it would be required to file a response to RSC's Motion for Expedited Discovery on or before January 18, 2013. Def. Br. at 5. RSC would then have until January 28, 2013 to file any reply (seven days to reply, plus three additional days after certain kinds of service), to the extent such reply is necessary. E.D. Tenn. L.R. 5.2(d), 7.1; Fed. R. Civ. P. 6(d). Therefore, even assuming this Court had the time and inclination to decide the Motion for Expedited Discovery as soon as RSC's reply was filed on January 28, 2013, Sunbeam would have until March 29, 2013 to file its response to the Motion for Preliminary Injunction. This would give Sunbeam **79** additional days from the expiration of its time to respond, for a total of **93** days to respond from being served with the Motion for Preliminary Injunction on December 26, 2012. Such a drawn-out and excessive duration of time is contrary to the spirit of preliminary relief.

A.   **Sunbeam Has Not Demonstrated That Good Cause Exists To Extend Its Time To Respond.**

Sunbeam has not demonstrated good cause as to why it should be permitted to exceed the amount of time granted under the Local Rules by nearly three months. Local Rule 7.1 provides fourteen days to respond to any motion, excepting dispositive motions. E.D. Tenn. L.R. 7.1(a). There can be no dispute and, indeed Sunbeam has not disputed, that this Rule applies to motions for preliminary injunctive relief.

As its basis for requesting an extension, Sunbeam argues that RSC's Motion for Preliminary Injunction

> will require that Sunbeam analyze RSC's factual and contentions [*sic*], research the various legal issues that flow from RSC's positions, identify and engage in one or more expert witnesses . . . to assist in examining and rebutting Mr. Mainini's affidavit, and prepare responsive affidavits and briefs.

5

Def. Br. at 3. Sunbeam fails to articulate any unique feature of RSC's Motion for Preliminary Injunction (or any unique responsibility Sunbeam would have in responding to such Motion) that differs from any other motion for preliminary injunction, each of which fall within this Court's fourteen-day response period. Indeed, Sunbeam's arguments underscore the very reason why expedited discovery and a set briefing schedule – as proposed by RSC and rejected by Sunbeam – would be necessary and beneficial in this matter.

Instead, Sunbeam apparently complains that RSC simply prepared its case too well and, therefore, Sunbeam should be entitled to more than three months to respond, instead of the two-week period allotted by this Court to all other defendants. Sunbeam ignores the fact that RSC prepared its own Complaint, Motion for Preliminary Injunction, and Motion for Expedited Discovery in a three-week period from its retention of counsel in early December 2012, without the benefit of discovery, expedited or otherwise. That Sunbeam believes responding to a motion for preliminary injunction, even without discovery, cannot be completed in less than 60 days (Def. Br. at 4) completely circumvents the well-settled response period set forth in this Court's Local Rules and adhered to by countless defendants before Sunbeam. This Court should not permit Sunbeam to unreasonably protract these proceedings to RSC's detriment. Therefore, as detailed below, RSC respectfully requests this Court set a discovery and briefing schedule for RSC's Motion for Preliminary Injunction, to coincide with a hearing to be set on or about March 11, 2013 - subject to this Court's availability. Such an approach fairly accounts for Sunbeam's request for an extension, the threat of increasing irreparable harm to RSC, the need for expedited discovery, any supplemental issues that may be revealed in the discovery process, and this Court's time and resources.

N MTW01 942585 v1
2925708-000003 01/10/2013

Sunbeam's assertion that the hearing on a preliminary injunction motion in a patent infringement case is "essentially the trial of the case given the requirements of *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996)" is in opposite to established Federal Circuit law and does not demonstrate good cause. The Federal Circuit has explained that "a preliminary injunction enjoining patent infringement pursuant to 35 U.S.C. § 283 involves substantive matters unique to patent law and, therefore, is governed by the law of this court." *Revision Military, Inc. v. Balboa Mfg. Co.*, 700 F.3d 524, 526 (Fed. Cir. 2012); *see also*, *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1451 n.12 (Fed. Cir. 1988). The Federal Circuit has noted that a preliminary injunction hearing is "a hearing in which neither party was required to prove his case in full," and that an order granting or denying a motion for a preliminary injunction is made "in light of findings and conclusions not binding at trial." *Illinois Tool Works, Inc. v. Grip-Pak, Inc.*, 906 F.2d 679, 682 (Fed. Cir. 1990) (emphasis in original). To that end, the Federal Circuit has found that, at the preliminary injunction stage, trial courts are not obligated "to conclusively interpret claims at an early stage in a case. A trial court may exercise its discretion to interpret the claims at a time when the parties have presented a full picture of the claimed invention and prior art." *Sofamor Danek Grp., Inc. v. DePuy-Motech, Inc.*, 74 F.3d 1216, 1221 (Fed. Cir. 1996). Indeed, the trial court has wide discretion to determine which stage to construe claims, because "the stage at which the claims are construed may vary with the issues, their complexity, the potentially dispositive nature of the construction, and other considerations of the particular case." *Vivid Techs., Inc. v. Am. Science & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999). Here, the claims of the 233 Patent can be readily construed from the standpoint of one of ordinary skill in the art such that the Court can determine infringement without the need for a full trial of the matter.

B. **RSC Will Continue To Suffer Irreparable Harm And Therefore Will Be Highly Prejudiced If Sunbeam's Requested Extension Is Granted.**

Sunbeam's Motion to Extend Time must be denied because RSC will be highly prejudiced by delaying responsive briefing on RSC's Motion for Preliminary Injunction until after the Motion for Expedited Discovery is decided. As demonstrated in RSC's Motion for Preliminary Injunction, RSC has incurred, and will continue to incur, irreparable harm absent an injunction. Therefore, contrary to Sunbeam's assertion that RSC will not be prejudiced by an extension of more than 79 days (for a total of 93 days at a minimum) in which to respond, each day that passes without an injunction on Sunbeam's wrongful activities exacts more unnecessary harm upon RSC and its patent rights.[4]

Sunbeam argues that RSC is not in a position to argue that it will be prejudiced by granting an extension of more than 79 days (simply to file a <u>response</u>, and which does not encompass the entire briefing schedule, let alone the hearing), because "RSC has been sitting on its claim in this action for months." Def. Br. at 4. Sunbeam alleges that RSC "has known of Sunbeam's allegedly infringing products since as early as February 2012, almost a year ago, when by RSC's admission Sunbeam began selling allegedly infringing bark control products at PetSmart stores." Def. Br. at 2. RSC has made no such admission and Sunbeam cannot cite to any such admission. Instead, Sunbeam cites to <u>its own</u> press release for support, in which Sunbeam states that its pet products "began arriving at PetSmart stores in February 2012." *See* Affidavit of Christopher E. Mainini filed December 21, 2012 ("Mainini Aff."), Exhibit 8 [Doc.

---

[4] Sunbeam makes the conclusory assertion that, because RSC did not make a pre-suit demand that Sunbeam cease and desist from its infringing activity belies any claim of irreparable harm. Sunbeam does not cite to any authority supporting such a position. RSC, nor any other patentee, is required to make any pre-suit demand.

No. 10-4].[5] Sunbeam's July 9, 2012 press release (1) does not articulate which pet products were offered in February 2012; (2) does not articulate how Sunbeam's bark control collars worked; or (3) contain any photographs of Sunbeam's bark control collars. *See id.* The document cited by Sunbeam does not, in fact, show that RSC knew of Sunbeam's infringement before or at the time of the July 9, 2012 press release.[6] Sunbeam merely guesses, without any evidence, that RSC knew from a single sentence in the press release that Sunbeam began offering products that constituted infringement of the 233 Patent. Sunbeam, therefore, fails to show that RSC will not be unduly prejudiced by its excessive request.

## CONCLUSION

For the foregoing reasons, RSC respectfully requests this Court deny Sunbeam's request to extend its time to respond to RSC's Motion for Expedited Discovery and Motion for Preliminary Injunction. RSC respectfully requests this Court set a discovery and briefing schedule related to RSC's Motion for Preliminary Injunction based upon a target date for a hearing on RSC's Motion for Preliminary Injunction to be on or about March 11, 2013, which is 60 days from January 9, 2013.

---

[5] Sunbeam erroneously cites this exhibit's document number as "Doc. 1-4."

[6] If Sunbeam's bark control collars had been offered in stores as early as February 2012, it is counterintuitive that Sunbeam would issue a press release several months later on July 9, 2012, unveiling Sunbeam's pet product line that "will include safe and innovated bark control devices" and which "will extend into multiple categories throughout 2012 and 2013." Mainini Aff., Exhibit 8 (emphasis added).

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.


s/ Samuel F. Miller
Samuel F. Miller (BPR No. 22936)
Maia T. Woodhouse (BPR No. 30438)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201
Telephone: (615) 726-5594
Facsimile: (615) 744-5594
Email: smiller@bakerdonelson.com

*Attorneys for Plaintiff Radio Systems Corporation*


## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2013, a true and correct copy of the foregoing document was electronically filed. Notice was served on the parties listed below via the Court's ECF system and/or via U.S. Mail, postage prepaid:

| | |
|---|---|
| Thor Y. Urness | Paul M. Sykes |
| BRADLEY ARANT BOULT CUMMINGS LLP | BRADLEY ARANT BOULT CUMMINGS LLP |
| 1600 Division Street, Suite 700 | 1819 Fifth Avenue North |
| P.O. Box 340025 | Birmingham, Alabama 35203 |
| Nashville, Tennessee 37203 | Tel: (205) 521-8766 |
| Tel: (615) 252-2384 | Email: psykes@babc.com |
| Email: turness@babc.com | |

s/ Samuel F. Miller
Samuel F. Miller

10