UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RADIO SYSTEMS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:12-CV-648 |
| | ) | (PHILLIPS/GUYTON) |
| V. | ) | |
| | ) | |
| SUNBEAM PRODUCTS, INC., d/b/a | ) | |
| JARDEN CONSUMER SOLUTIONS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 13] referring Plaintiff's Combined Motion for Expedited Discovery and Memorandum of Law in Support [Doc. 12] to the undersigned for disposition or report and recommendation as appropriate.

In its Motion for Expedited Discovery, the Plaintiff moves the Court to permit the parties to engage in expedited discovery prior to conducting a conference under Rule 26(f) so that the parties will have discovery before a hearing on the Plaintiff's Motion for Preliminary Injunction [Doc. 4]. Plaintiff alleges that Defendant is infringing upon United States Patent No. 5,927,233, which is a patent assigned to a control system for training pet dogs not to bark. The Plaintiff argues that it must obtain discovery prior to arguing for the injunctive relief required to protect its intellectual property. The Plaintiff cites the Court to cases from the Eastern District of Tennessee and other courts endorsing the view that good cause for expedited discovery is generally found in cases involving requests for injunctive relief, claims of infringement, and unfair competition. [Doc. 12 at 3-4].

Defendant has responded in opposition to the Plaintiff's request for expedited discovery. [Doc. 20]. Defendant argues that the Plaintiff has failed to demonstrate good cause to support its requested relief. Defendant maintains that the Plaintiff will not suffer irreparable harm because: (1) the Plaintiff has filed a complaint with the International Trade Commission ("ITC"); (2) the Defendant is not infringing on the Plaintiff's patent; (3) if the preliminary injunction were granted, any damages from infringement up to the issuance of the injunction are fully compensable by monetary damages; and (4) irreparable harm in connection with a denial of preliminary injunction is not the same as irreparable harm in connection with a denial of expedited discovery. [Doc. 20 at 9]. The Defendant further argues that the scope of the discovery is excessive and will impose an undue burden on the Defendant.

In its reply [Doc. 21], the Plaintiff argues that the ITC action does not automatically stay the instant proceeding and is not a basis for denying the request for expedited discovery. Plaintiff reiterates that the injunctive relief and claims for infringement alleged are commonly recognized as demonstrating good cause. Plaintiff argues that Sunbeam may be in possession of relevant, non-public documents that bear directly on Plaintiff's claims, and Plaintiff maintains that the discovery requested is not unduly burdensome.

Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). The Advisory Committee Notes to Rule 26 further indicate that:

> Discovery can begin earlier [than the limitation established by Rule 26(d)(1)] if authorized under Rule 30(a)(2)(C) (deposition of person about to leave the country) or by local rule, order, or stipulation. This will be appropriate in some cases, such as those

2

> **involving requests for a preliminary injunction** or motions challenging personal jurisdiction.

Fed. R. Civ. P. 26(d) 1993 Advisory Committee Notes (emphasis added).

The courts within the Sixth Circuit have endorsed the view, expressed in the Committee Notes, that expedited discovery is generally appropriate in cases requesting preliminary injunctive relief. <u>See</u>, <u>e.g.</u>, <u>S.E.C. v. Wilson</u>, 2012 WL 5874456 (E.D. Mich. Nov. 20, 2012) (granting leave to immediately schedule depositions and issue written discovery requests where a preliminary injunction request was pending); <u>Tenn. Guardrail, Inc. v. Tenn. Dept. of Transp.</u>, 2011 WL 5153086, at *4-5 (M.D. Tenn. Oct. 28, 2011) (setting a preliminary injunction hearing and ordering expedited discovery to take place in advance of the hearing); <u>USEC Inc. v. Everitt</u>, 2009 WL 152479 (E.D. Tenn. Jan. 22, 2009).

In their briefing, the parties acknowledge that a Rule 26(f) conference has not taken place in this case. Therefore, discovery cannot commence absence a showing of good cause supporting expedited discovery. The Court finds that Plaintiff has shown good cause for allowing expedited discovery based upon the allegations of patent infringement and request for preliminary injunction in this case. The Court, however, finds that good cause has not been shown for the extremely expedited schedule for responses proposed by the Plaintiff. Moreover, the Court has modified the proposed perameters for the expedited discovery to conform with the Local Rules and practices of the Eastern District of Tennessee.

Accordingly, the Motion for Expedited Discovery **[Doc. 12]** is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. The parties shall make their initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure on or before **February 14, 2013**.

2. The parties shall submit a joint protective order on or before **February 14, 2013**.

3

3. Plaintiff shall immediately serve the Plaintiff's First Set of Limited Interrogatories and Requests for the Production of Documents and Things to Defendant Sunbeam Products Inc. d/b/a Jarden Consumer Solutions on the Defendant. The Defendant shall respond to and produce the documents responsive to this written discovery on or before **February 21, 2013**.

4. This Memorandum and Order does not address the merits of any claim of privilege or objection to responding to the written discovery made pursuant to the Federal Rules of Civil Procedure.

5. Any objection to responding to the written discovery shall be included in the written response provided to the Plaintiff. An objection to a discrete point of inquiry or production **shall not** be cited as a basis for withholding other responses to different inquiries or requests for production. If Plaintiff seeks to compel a response following receipt of a written objection from Defendant, the parties **shall**: (1) confer amongst themselves within **three (3) days** of service of the written objection, and (2) if the issue cannot be resolved amongst the parties, contact the chambers of the undersigned to schedule a telephone conference to address the issue. Only after employing this process and receiving court approval may the parties engage in motion practice on any response or production issue or other discovery dispute.

6. The parties may take no more than **five (5)** depositions per side during this period of preliminary discovery. The parties shall provide a list of Rule 30(b)(6) topics to opposing counsel by no later than **seven (7) days** prior to the deposition of Rule 30(b)(6) deponent.

7. If any party determines that additional discovery beyond the limitations of this Memorandum and Order is required, they shall comply with the conferral process outlined in ¶ 5 to request leave to undertake additional discovery.

8. The parties shall disclose any expert witness that they intend to have testify at any hearing on the request for preliminary injunction on or before **February 22, 2013**, and shall supply an expert report on the date of disclosure.

9. Consistent with the Federal Rules of Civil Procedure, the parties are prohibited from destroying documents relating to allegations and potential defenses in this case.

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge