IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| RADIO SYSTEMS CORPORATION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SUNBEAM PRODUCTS, INC. d/b/a )<br>JARDEN CONSUMER SOLUTIONS, )<br>)<br>Defendant. ) | Civil Action No. 3:12-cv-00648<br><br>District Judge Campbell<br>Magistrate Judge Shirley |

## ANSWER AND COUNTERCLAIM

### I.  ANSWER

COMES NOW Defendant Sunbeam Products, Inc. d/b/a/ Jarden Consumer Solutions ("Sunbeam") and answers the First Amended Complaint ("Complaint") in this action, the numbered paragraphs below corresponding to like-numbered paragraphs in the Complaint:

1. Admitted, on information and belief.

2. Admitted.

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Sunbeam admits that the Complaint purports to state claims for patent infringement, but Sunbeam denies that it has infringed any valid claim of any RSC patent.

4. Admitted.

5. Admitted, except that Sunbeam denies that it has distributed products through subsidiaries in Tennessee, denies that is has committed any tortious acts or omissions in Tennessee, and denies that damages have occurred in Tennessee to any Tennessee corporation as a result of any act or omission alleged in the Complaint.

1

6. Sunbeam admits that venue is proper in this District. Except as expressly admitted, Sunbeam denies the remaining allegations of paragraph 6.

7. Sunbeam is without sufficient information to admit or deny the allegations of Paragraph 7, and therefore denies the same.

8. Sunbeam is without sufficient information to admit or deny the allegations of Paragraph 8, and therefore denies the same.

9. Admitted, on information and belief.

10. Sunbeam admits that the United States Patent and Trademark Office issued U.S. Patent No. 5,927,233 on July 27, 1999 and that the patent lists on its face Mainini and Lee as inventors, but Sunbeam otherwise denies the allegations of paragraph 10.

11. Admitted that Exhibit 1 purports to be a copy of the '233 Patent.

12. Sunbeam is without sufficient information to admit or deny the allegations of Paragraph 12, and therefore denies the same.

13. Sunbeam admits that the United States Patent and Trademark Office issued U.S. Patent No. 6,921,089 on July 26, 2005 and that the patent lists on its face Groh and Mainini as inventors, but Sunbeam otherwise denies the allegations of paragraph 13.

14. Admitted that Exhibit 2 purports to be a copy of the '089 Patent.

15. Sunbeam is without sufficient information to admit or deny the allegations of Paragraph 12, and therefore denies the same.

16. Sunbeam avers that it is a subsidiary of Sunbeam Americas Holdings, LLC, the corporate parent of which is Jarden Corporation, a Delaware corporation. To the extent the allegations of paragraph 17 are directed to an entity other than Sunbeam, no response is required. Sunbeam otherwise denies the allegations of paragraph 16.

17. To the extent the allegations of paragraph 17 are directed to an entity other than Sunbeam, no response is required. To the extent the allegations are directed to Sunbeam, Sunbeam admits that in 2012 Jarden released an investor presentation identifying a targeted growth initiative including to "expand beyond grooming business into new categories, for example: - Indoor/Outdoor Bark Control." Except as expressly admitted, Sunbeam denies the allegations of paragraph 17.

18. Admitted that Exhibit 3 purports to be a copy of a Jarden investor presentation released in the May 2012 timeframe.

19. Sunbeam admits that it offers for sale an "Advanced Bark Control Collar" in two models: static and ultrasonic. To the extent paragraph 19 alleges that Sunbeam began offering such collars after May 2012, such allegations are denied.

20. Admitted.

21. Admitted that Exhibit 4 purports to be a copy of a manual for the Sunbeam "Advanced Bark Control Collar" in the static model.

22. Admitted.

23. Admitted that Exhibit 5 purports to be a copy of a manual for the Sunbeam "Advanced Bark Control Collar" in the ultrasonic model.

24. Admitted.

25. Admitted.

26. Admitted that Exhibit 6 purports to be a copy of a manual for the Sunbeam "Mini Bark Control Collar" in the static model.

27. Admitted.

28. Sunbeam avers that it contracts for the manufacture of the "Advanced Bark Control Collar" and "Mini Bark Control Collar" products outside of the United States and admits that it imports such products into the United States from abroad. Sunbeam otherwise denies the allegations of Paragraph 28.

29. Admitted, but Sunbeam denies that any such license or authorization is required because Sunbeam's Advanced Bark Control Products do not use, read on, or infringe the inventions claimed in the '233 or '089 Patents.

## COUNT I

30. Sunbeam incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

## COUNT II

35. Sunbeam incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

36. Denied.

37. Sunbeam is without sufficient information to admit or deny the allegations of Paragraph 37, and therefore denies the same.

38. Sunbeam admits that its markets its Advanced Bark Control Collar and Mini Bark Control Collar products to resellers and to consumers. Except as expressly admitted, Sunbeam denies the remaining allegations of paragraph 38.

39.     Sunbeam admits that it provides promotional materials and instruction manuals for its Advanced Bark Control Collar and Mini Bark Control Collar products, advertises the products, and offers support and technical assistance to customers. Except as expressly admitted, Sunbeam denies the remaining allegations of paragraph 39.

40.     Denied.

41.     Denied.

42.     Denied.

## COUNT III

43.     Sunbeam incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

44.     Denied.

45.     Denied.

46.     Sunbeam is without sufficient information to admit or deny the allegations of Paragraph 46, and therefore denies the same.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

## COUNT IV

52.     Sunbeam incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

53.     Denied.

54. Denied.

55. Denied.

56. Denied.

## COUNT V

57. Sunbeam incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

58. Denied.

59. Sunbeam is without sufficient information to admit or deny the allegations of Paragraph 59, and therefore denies the same.

60. Sunbeam admits that its markets its Advanced Bark Control Collar and Mini Bark Control Collar products to resellers and to consumers. Except as expressly admitted, Sunbeam denies the remaining allegations of paragraph 60.

61. Sunbeam admits that it provides promotional materials and instruction manuals for its Advanced Bark Control Collar and Mini Bark Control Collar products, advertises the products, and offers support and technical assistance to customers. Except as expressly admitted, Sunbeam denies the remaining allegations of paragraph 61.

62. Denied.

63. Denied.

64. Denied.

## COUNT VI

65. Sunbeam incorporates its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

66. Denied.

6

67. Denied.

68. Sunbeam is without sufficient information to admit or deny the allegations of Paragraph 68, and therefore denies the same.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

**RESPONSE TO REQUEST FOR RELIEF**

Sunbeam denies that RSC is entitled to the relief requested in its requests for relief numbered (1) through (8). Sunbeam further avers that RSC is not entitled to any relief or recovery whatsoever for its allegations of patent infringement.

**JURY DEMAND**

Sunbeam demands a trial by jury.

**RESERVATIONS AND AFFIRMATIVE DEFENSES**

Sunbeam, without assuming any burden of pleading, proof or persuasion otherwise resting on Plaintiff, asserts the following additional defenses:

7

## FIRST DEFENSE

Sunbeam has not and does not infringe, either literally or under the doctrine of equivalents, contributorily or by inducement, any valid and enforceable claim of the asserted '233 or '089 Patents.

## SECOND DEFENSE

Sunbeam is not liable in any respect for any infringement of the asserted '233 or '089 Patents.

## THIRD DEFENSE

The doctrine of prosecution history estoppel precludes reliance by RSC upon the doctrine of equivalents.

## FOURTH DEFENSE

The '233 and '089 Patents, and each and every claim thereof, are invalid for failure to satisfy one or more of the conditions for patentability of 35 U.S.C. § 102, separately and severally.

## FIFTH DEFENSE

The '233 and '089 Patents, and each and every claim thereof, are invalid for failure to satisfy one or more of the conditions for patentability of 35 U.S.C. § 103.

## SIXTH DEFENSE

The '233 and '089 Patents and each and every claim thereof, are invalid for failure to comply with one or more requirements of 35 U.S.C. § 112.

## SEVENTH DEFENSE

Equitable principles, including the doctrine of unclean hands or patent misuse, or both, may bar some or all of the claims asserted in the Complaint because RSC seeks to enforce

patents or claims thereof that, upon information and belief, RSC knows to be invalid, void, unenforceable, or not infringed.

### EIGHTH DEFENSE

RSC's claims, separately and severally, are barred by the doctrines of release, laches, estoppel, and waiver, separately and severally.

### NINTH DEFENSE

RSC's damages claim, if any, against Sunbeam are limited pursuant to 35 U.S.C. § 287.

### TENTH DEFENSE

The '233 and '089 Patents, and each and every claim thereof, are invalid for failure to satisfy the requirements of the Patent Act.

### ELEVENTH DEFENSE

RSC has an adequate remedy at law and no basis exists for the grant of equitable relief.

### TWELFTH DEFENSE

RSC's claims for damages are barred, in whole or in part, due to RSC's failure to mitigate its damages.

### THIRTEENTH DEFENSE

RSC has abandoned and dedicated to the public domain all inventions, information, methods, features, elements and devices described in the '233 and '089 Patents to the extent the same are not literally included within the scope of the claims.

### FOURTEENTH DEFENSE

Regarding RSC's demand for injunctive relief, Sunbeam pleads the defense of delay.

## FIFTEENTH DEFENSE

RSC is not entitled to costs, pursuant to 35 U.S.C. § 288, by virtue of one or more invalid claims for which a disclaimer has not been entered prior to commencement of the suit.

## SIXTEENTH DEFENSE

RSC's Complaint seeks to make Sunbeam liable for infringement of the '233 and '089 Patents  The Supreme Court of the United States has issued an opinion styled <u>KSR International Co. v. Teleflex Inc.</u>, 550 U.S. 398 (2007), on the issue of patent validity.  Sunbeam adopts by reference whatever defenses, criteria, limitations, standards, and constitutional protections that are mandated or provided by the decision of the Supreme Court of the United States in that case, including but not limited to the defense of obviousness.

## SEVENTEENTH DEFENSE

Sunbeam denies that RSC is entitled to damages of the nature, type, or amount sought in RSC's Complaint.

## EIGHTEENTH DEFENSE

By reason of proceedings in the United States Patent and Trademark Office during the prosecution of the applications which resulted in the issuance of the '233 and '089 Patents, as shown by the prosecution history, and the teachings of the prior art, RSC is estopped from claiming a construction of any claim in the patents that would cause a claim to be infringed by any process or product made, used, sold or offered for sale by Sunbeam.

## NINETEENTH DEFENSE

The '233 and '089 Patents, and each and every claim thereof, is invalid for failure to satisfy the requirements of the Patent Act.

## TWENTIETH DEFENSE

Except as expressly admitted herein, Sunbeam denies all allegations contained in RSC's Complaint.

## TWENTY-FIRST DEFENSE

Sunbeam reserves the right to amend its answer to assert additional affirmative or supplemental defenses after completion of further investigation and discovery herein.

## II.     COUNTERCLAIM

Defendant/Counterclaimant Sunbeam, pursuant to Rule 13 of the Federal Rules of Civil Procedure, asserts the following counterclaims against Plaintiff/Counterclaim Defendant RSC:

### PARTIES

1. Defendant/Counterclaimant Sunbeam is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Boca Raton, Florida.

2. On information and belief, Plaintiff/Counterclaim Defendant RSC is a Delaware corporation with a principal place of business in Knoxville, Tennessee.

### JURISDICTION

3. This is an action arising under the Patent Act, 35 U.S.C. § 100, et seq., and the declaratory judgment provisions of 28 U.S.C. §§ 2201, 2202.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a).

5. There is an actual, substantial, and continuing justiciable controversy between the parties with respect to the infringement, validity, and enforceability of U.S. Patent No. 5,927,233 ("the '233 Patent") and U.S. Patent No. 6,921,089 ("the '089 Patent").

## COUNT I – NONINFRINGEMENT OF THE '233 PATENT

6. Sunbeam repeats, realleges, and incorporates by reference the allegations of preceding paragraphs 1 through 5 of Sunbeam's Counterclaim, as if fully set forth herein, and further alleges as follows:

7. RSC claims to be the owner of all rights, title, and interest in and to the '233 Patent.

8. Sunbeam has not infringed any valid and enforceable claim of the '233 Patent.

9. Sunbeam is entitled to a declaratory judgment that it does not infringe any valid and enforceable claim of the '233 Patent.

## COUNT II – INVALIDITY OF THE '233 PATENT

10. Sunbeam repeats, realleges, and incorporates by reference the allegations of preceding paragraphs 1 through 9 of Sunbeam's Counterclaim, as if fully set forth herein, and further alleges as follows:

11. The '233 Patent and each and every claim thereof are invalid because the alleged inventions fail to satisfy one or more of the statutory requirements of 35 U.S.C. §§ 102–103. Without limiting the foregoing, the alleged inventions are anticipated or rendered obvious by certain prior art disclosed during prosecution and to be disclosed during discovery.

12. The '233 Patent and each and every claim thereof is invalid because the alleged inventions fail to satisfy the requirements of 35 U.S.C. § 112, including without limitation, because the claims are indefinite, not enabled, or do not adequately describe the alleged invention.

13. Sunbeam is entitled to a declaration that the '233 Patent is invalid because the alleged inventions fail to satisfy one or more of the statutory requirements for patentability of 35 U.S.C. §§ 102, 103, and 112.

### COUNT III – NONINFRINGEMENT OF THE '089 PATENT

14. Sunbeam repeats, realleges, and incorporates by reference the allegations of preceding paragraphs 1 through 13 of Sunbeam's Counterclaim, as if fully set forth herein, and further alleges as follows:

15. RSC claims to be the owner of all rights, title, and interest in and to the '089 Patent.

16. Sunbeam has not infringed any valid and enforceable claim of the '089 Patent.

17. Sunbeam is entitled to a declaratory judgment that it does not infringe any valid and enforceable claim of the '089 Patent.

### COUNT IV – INVALIDITY OF THE '089 PATENT

18. Sunbeam repeats, realleges, and incorporates by reference the allegations of preceding paragraphs 1 through 17 of Sunbeam's Counterclaim, as if fully set forth herein, and further alleges as follows:

19. The '089 Patent and each and every claim thereof are invalid because the alleged inventions fail to satisfy one or more of the statutory requirements of 35 U.S.C. §§ 102–103. Without limiting the foregoing, the alleged inventions are anticipated or rendered obvious by certain prior art disclosed during prosecution and to be disclosed during discovery.

20. The '089 Patent and each and every claim thereof is invalid because the alleged inventions fail to satisfy the requirements of 35 U.S.C. § 112, including without limitation,

because the claims are indefinite, not enabled, or do not adequately describe the alleged invention.

21. Sunbeam is entitled to a declaration that the '089 Patent is invalid because the alleged inventions fail to satisfy one or more of the statutory requirements for patentability of 35 U.S.C. §§ 102, 103, and 112.

22. Sunbeam demands a trial by jury.

## REQUEST FOR RELIEF

WHEREFORE, Sunbeam respectfully requests that judgment be entered in favor of Sunbeam and against Plaintiff/Counterclaim Defendant RSC as follows:

a. dismissing the Complaint with prejudice and denying each request for relief that RSC has made;

b. declaring that Sunbeam has not infringed any claim of the '233 Patent;

c. declaring that the '233 Patent, and each and every claim thereof, is invalid;

d. declaring that Sunbeam has not infringed any claim of the '089 Patent;

e. declaring that the '089 Patent, and each and every claim thereof, is invalid;

f. declaring this case exceptional under the Patent Act and awarding Sunbeam its reasonable attorneys' fees and costs under 35 U.S.C. § 285; and

g. awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Thor Y. Urness
Thor Y. Urness (Tenn. BPR No. 013641)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
(615) 252-2384
turness@babc.com

*Attorneys for Defendant/Counterclaimant*

OF COUNSEL:

Paul M. Sykes
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 521-8766
psykes@babc.com

## CERTIFICATE OF SERVICE

     I hereby certify that on February 14, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Samuel F. Miller, Maia T. Woodhouse, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., 211 Commerce Street, Suite 800, Nashville, TN 37201.

/s/ Thor Y. Urness
Thor Y. Urness

15

Case 3:12-cv-00648   Document 36   Filed 02/14/13   Page 15 of 15   PageID #: 1078